# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN TEADA,       :<br>    Plaintiff,       : | CIVIL ACTION |
|                                                    : | |
| v.       : | |
|                                                    : | |
| COMMISSIONER OF SOCIAL       :<br>SECURITY,       :<br>    Defendant.       : | No. 19-4537 |

## MEMORANDUM OPINION

TIMOTHY R. RICE                                                                                          April , 2020
U.S. MAGISTRATE JUDGE

Plaintiff Susan Teada alleges the Administrative Law Judge ("ALJ") erred in denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") by failing to: (1) support her Residual Functional Capacity (RFC) assessment[1] with substantial evidence; (2) address the opinion of her treating physician; and (3) properly weigh her subjective complaints.  Pl. Br. (doc. 13) at 8–9.  Because the ALJ ignored a treating physician opinion that might have required finding her disabled if it had been given "controlling" weight, I remand the case for additional consideration.[2]

Teada filed for benefits based on a combination of physical and mental impairments in August 2016.  R. at 128.  The ALJ was required to give "controlling" weight to Teada's treating physician's opinion unless she explained her reasons for discounting it using specific regulatory

---

[1]     A claimant's RFC reflects "the most [she] can still do [in a work setting] despite [her] limitations."  20 C.F.R. §§ 404.1545(a), 416.945(a).

[2]     Teada consented to my jurisdiction on October 17, 2019 (doc. 7), pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 72, Local Rule 72.1, and Standing Order, In re Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018).  See also Roell v. Withrow, 538 U.S. 580, 584 (2003) (consent to Magistrate Judge jurisdiction can be inferred from failure to object after notice and opportunity).

considerations.  See 20 C.F.R. §§ 404.1527, 416.927; see also S.S.R. 96–2p, 1996 WL 374188, at *5 (1996) (an opinion denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight").  Instead, the ALJ ignored the opinion from Teada's orthopedist that limited Teada to less than the full range of sedentary work and found her able to perform a limited range of light work.  R. at 130–39.

The Commissioner contends this error was harmless due to the "overwhelming evidence" that Teada was not disabled.  Def. Br. (doc. 14) at 13–15 (citing Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008)).  Under the so-called "Chenery rule," however, I am prohibited from inserting reasoning on behalf of the ALJ.  S.E.C. v. Chenery Corp., 332 U.S. 194, 196 (1947) (review of administrative opinions is limited to the reasoning and evidence recited in the opinion itself).  Further, the case the Commissioner cites to support its argument is inapposite.  The ALJ in Johnson addressed the treating physician opinion but failed to directly cite the specific language on which the claimant sought to rely.  Johnson, 529 F.3d at 202.  Here, there is no evidence the ALJ considered the treating physician opinion at all.  R. at 130-39.  Under the regulations applicable to Teada's application, the ALJ was required to "always give good reasons . . . for the weight give[n] [to the] treating source's medical opinion."  20 C.F.R. §§ 404.1527, 416.927.

Remand for further consideration is inappropriate unless it could lead to a different outcome.  Shinseki v. Sanders, 556 U.S. 396, 406 (2009) (the harmless-error rule applies to judicial review of administrative proceedings); Woodson v. Comm'r Soc. Sec., 661 F. App'x 762, 766 (3d Cir. 2016) (citing Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005))

(remand is only appropriate when there could be a different outcome).  This error would have been harmless if the treating physician had simply limited Teada to the full range of sedentary work because the Grid Rules would have directed a finding of not disabled.[3]  See 20 C.F.R App. 2 to Subp. P of Part 404 §§ 201.18, 201.19 (individuals of Teada's age and educational background who are limited to sedentary work are not disabled).

Because Teada suffered from a combination of exertional and nonexertional limitations, the Commissioner could not rely on the grids to meet his burden of proof.  Sykes v. Apfel, 228 F.3d 259, 270 (3d Cir. 2000) (when there is a combination of exertional and nonexertional limitations, "the government cannot satisfy its burden under the Act by reference to the grids alone").  Therefore, at Step 5, the ALJ relied on VE testimony to find Teada could perform a sedentary position that was available with a sit-stand option, did not require any environmental exposures, and did not require any pushing or pulling with the lower extremities.  R. at 139 (one of the positions Teada could perform is "document preparer," a sedentary position), 171–72 (ALJ hypothetical to the VE and VE response).  The hypothetical RFC on which this VE testimony was based included a limitation to only "occasional postural motions."  Id. at 171.  In this context, "occasionally" can mean "very little" or it can mean "up to one-third of the time." S.S.R. 83-10, 1983 WL 31251, at *5 (S.S.A. 1983).  In contrast, the treating physician opinion the ALJ ignored found Teada could never stoop, kneel, crouch, or crawl.  Id. at 861.  The ALJ failed to produce substantial evidence that the position of "document preparer" never requires such postures because the VE was only asked if the position could be performed by someone

---

[3]     The Medical-Vocational Rules, or Grid Rules, direct a finding of "disabled" or "not disabled" if the medical and vocational facts of the case perfectly align with the grid criteria.  See 20 C.F.R. Part 404, Subpart P, Appendix 2, 200.00(a).

who could work in those positions "occasionally." Id. at 171–72; see also Dictionary of Occupational Titles, Document Preparer, 249.587-018.

I am prohibited from re-weighing the evidence and filling in reasoning the ALJ failed to provide. Louis v. Comm'r Soc. Sec., No. 19-2575, 2020 WL 1867931, at *1 (3d Cir. Apr. 14, 2020) (citing Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011)); Cortes v. Comm'r of Soc. Sec., 255 F. App'x 646, 653 n.6 (3d Cir. 2007). Ignoring the opinion of the provider who Teada relied on for treatment of her main physical impairment was a serious enough error to affect her "substantial rights" and therefore requires remand. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 547 (6th Cir. 2004); see also Nyberg v. Comm'r of Soc. Sec., 179 F. App'x 589, 591 (11th Cir. 2006) ("failing to address a treating physician's opinion is 'particularly troublesome' when that physician was the claimant's 'long-time treating physician'"); Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999) (Because "[a] reviewing court 'may not accept appellate counsel's post hoc rationalizations for agency action," claimant was "entitled to an express recognition . . . of the existence" of the opinion and an explanation for discounting it); Harrison v. Berryhill, No. 17-618, 2018 WL 2051691, at *6 (M.D. Pa. Apr. 17, 2018), report and recommendation adopted, 2018 WL 2049924 (M.D. Pa. May 2, 2018) ("the ALJ's failure to even acknowledge this treating source medical opinion cannot be treated as a harmless error").

An appropriate Order accompanies this opinion.